AUSA  Matthew A. Roth 313-226-9186
AO 91 (Rev. 08/09)  Criminal Complaint                                        Special Agent  Barry C. Burnette, Jr., 313-226-058

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>D-1  ALI ALKHATIB<br><br>D-2  MAHDI NASERDEAN | Case:2:13-mj-30602<br>Judge: Unassigned,<br>Filed: 09-27-2013 At 12:41 PM<br>CMP USA v Alkhatib (cjb) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___July 2013 through September of 2013___ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2251 | Production of Child Pornography |
| Title 18, United States Code, Sections 2252A(a)(2) and (a)(5)(B) | Distribution and Possession of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Barry C. Burnette, Jr., DHS/HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: _September 27, 2013_

City and state: _Detroit, Michigan_

_____
Judge's signature

Mona K. Majzoub, United States Magistrate Judge
Printed name and title

## AFFIDAVIT FOR CRIMINAL COMPLAINT

### I. INTRODUCTION

1.     I, Barry C. Burnette, Jr., am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), in Detroit, Michigan. I have been employed as a Special Agent since 2003. I have received training in child exploitation investigations and online undercover investigations. I have conducted between 50 and 100 investigations relating to child exploitation and child pornography. I have and assisted HSI Detroit Cybercrimes Group in numerous others.

2.     This affidavit is made in support of an application for a criminal complaint for Ali Alkhatib and Mahdi Naserdean, for violations of Title 18, United States Code, Sections 2251(a), 2252A(a)(2), and (a)(B)(5), which makes it a crime for any person to produce child pornography, knowingly distribute child pornography, and knowingly possess child pornography.

3.     The facts set forth in this affidavit are based upon information provided to Affiant by agents within the Department of Homeland Security and the Dearborn Police Department. These facts are provided for the sole purpose of establishing probable cause for the issuance of a search warrant; therefore, does not necessarily contain all information uncovered during this investigation.

### II. BACKGROUND OF THE INVESTIGATION

4.     On July 30, 2013, MV-1, a 15 year-old juvenile, and her aunt, arrived at the Dearborn Police Department to report a sexual assault that took place in the City of Dearborn, County of Wayne, State of Michigan, Eastern District of Michigan.

-1-

5.     Minor Victim 1 (MV-1) reported that, on or about July 4, 2013, she went out with Youssef Beydoun, Ali Alkhatib, and Mahdi Naserdean.  Naserdean drove his vehicle and they went to a liquor store in the City of Dearborn.

6.     MV-1 was in the back seat with Alkhatib while Beydoun was seated in the front passenger seat.  Alkhatib and MV-1 began to consume liquor and subsequently engaged in sexual intercourse in the backseat of Naserdean's vehicle while in the parking lot of the liquor store.

7.     Alkhatib had MV-1 engaged in sexual intercourse.  Alkhatib attempted to penetrate MV-1's anus but she stopped him.  After that, MV-1 recalled riding around in the back seat of Naserdean's vehicle and taking Beydoun home.  Next, Alkhatib and Naserdean rented a hotel room at America's Best Value Hotel at 13181 Michigan Avenue in the City of Dearborn.  After arriving at the hotel, MV-1 has no memory of what happened thereafter.  MV-1 had lost consciousness.

8.     MV-1 woke the following day and found herself naked in an unknown room in the hotel.  She found used condoms all around her.  MV-1 believed that she had been sexually assaulted because her anal area was sore.  After she awoke, Alkhatib and Naserdean carried her to the bathroom of the hotel room and began washing her in the shower.  As they cleaned her, Alkhatib and Naserdean were "bragging" about how they both "fucked" MV-1.  Later, Alkhatib and Naserdean took her home.

9.     MV-1 told her aunt about the incident and was taken to the hospital for treatment.  A sexual assault kit was not completed.

10.     On or about July 30, 2013, MV-1 began receiving texts messages from

phone number 313-xxx-xx38. The phone number belonged to Naserdean and was listed in MV-1's contacts as "Nass". Within the text messages were pictures, of MV-1, naked and unconscious at the hotel.

11.     On September 7, 2013, Naserdean was interviewed by law enforcement at his residence. Naserdean made the following statements:

     a.    He was aware that Alkhatib and MV-1 had sex in his car;

     b.    He was at America's Best Value Hotel with Alkhatib and MV-1;

     c.    He did have naked pictures of MV-1 on his phone and had sent them to her; and

     d.    He sent the naked pictures of MV-1 to her ex-boyfriend, who has not been identified at this time.

12.     A search warrant was authorized, for Naserdean's phone, on September 10, 2013.

13.     On September 17, 2013, law enforcement observed Mahdi Naserdean leave his Dearborn residence in a black Jeep Commander with Michigan plate Cxxxx28. Naserdean was not wearing his seatbelt and was driving while his license was suspended. Naserdean was subsequently stopped at Michigan and Williamson.

14.     Naserdean was arrested for driving on a suspended license and transported to the Dearborn Police station. The search warrant for Naserdean's cell phone was executed at that time and his cell phone, which was in his pocket, was seized.

15.     Naserdean stated that the phone that was seized was his father's. Naserdean indicated that his other cell phone was at his residence in his bedroom.

16. A second search warrant was authorized and executed at Naserdean's residence to recover Naserdean's personal phone.

17. An iPhone 5, later identified as Naserdean's phone, was seized from Naserdean's residence. Affiant knows, from training and experience, that an iPhone 5 is manufactured outside the State of Michigan. A third search warrant was authorized and executed on Naserdean's iPhone 5.

18. A forensic examination of Naserdean's phone revealed videos of MV-1, naked and unconscious on a bed, lying on her stomach, being digitally penetrated by Alkhatib. In one of the videos, MV-1 is turned on her back wherein Alkhatib continued to penetrate her. Another video shows MV-1, naked, in a shower with Alkhatib, while Alkhatib "washes" her off. Further reviews of the videos of MV-1 and other images on Naserdean's phone show that Naserdean was the individual recording the sexual assaults.

19. On or about September 26, 2013, Naserdean was interviewed by the Dearborn Police Department. Naserdean admitted to using his phone to record Alkhatib's sexual assault of MV-1.

20. On the same day, Alkhatib was interviewed by the Dearborn Police Department. Alkhatib admitted to digitally penetrating MV-1 in the hotel room. Alkhatib indicated that Naserdean had sexual intercourse with MV-1 in the hotel room.

21. Through the investigation, including, but not limited to, multiple interviews, law enforcement learned that both Naserdean and Alkhatib were aware of the fact that MV-1 was a minor.

22. The forensic examination of Naserdean's phone, in conjunction with the

-4-

totality of the investigation, law enforcement established that Naserdean distributed the aforementioned images and/or videos of MV-1, from his iPhone 5, to other people, including, MV-1.

23.     Affiant spoke with Special Agent Lisa Keith with the Department of Homeland Security.  Agent Keith indicated that she had an opportunity to review the videos of MV-1 from the hotel room.  Agent Keith indicated that the relevant videos and images found on Naserdean's iPhone 5 depicted a real minor (MV-1) engaged in sexually explicit conduct and meet the Federal definition of child pornography.

### III. CONCLUSION

24.     Affiant believes probable cause exists that Ali Alkhatib and Mahdi Naserdean knowingly used a minor, MV-1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  The sexually explicit conduct was produced with an iPhone 5, an item that uses materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce; all in violation of Title 18, United States Code, Section 2251.

25.     Affiant further believes that probable cause exists that Naserdean distributed the sexually explicit images of MV-1 to MV-1 and others, through a means and facility of interstate and forensic commerce, from his iPhone 5, in violation of Title 18, United States Code Section 2252A(a)(2).  Naserdean also possessed the sexually explicit images of MV-1 on his iPhone 5 in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

26. Affiant requests that the Court issue this criminal complaint for both Ali Alkhatib and Mahdi Naserdean.

_____
Barry Burnette, Special Agent DHS/HSI
Affiant

On this date of the 27th of September, 2013

_____
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE